IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA BOZARTH, n/k/a
JESSICA PENNINGTON.

      Plaintiff,

v.                                 CASE NO.: _____

SUNSHINE CHEVROLET-OLDSMOBILE
OF TARPON SPRINGS, INC., d/b/a
FERMAN BMW,

      Defendant.
_____/

## COMPLAINT

Plaintiff, JESSICA BOZARTH, n/k/a JESSICA PENNINGTON (hereinafter PENNINGTON), by and through her undersigned attorneys, hereby sues the Defendant, SUNSHINE CHEVROLET-OLDSMOBILE OF TARPON SPRINGS, INC., d/b/a FERMAN BMW (hereinafter FERMAN BMW), and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00.

2.    Venue lies within the Middle District of Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

### ADMINISTRATIVE PREREQUISITES

3.    All conditions precedent to bringing this action have occurred.

4.    FERMAN BMW is an employer as defined by the laws under which this action is brought and employs the required number of employees.

5. PENNINGTON timely filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit "A".

6. A Notification of Right to Sue was received from the EEOC, a copy of which is attached as Exhibit "B." This Complaint has been filed within ninety (90) days of receipt thereof.

## PARTIES

7. PENNINGTON is a resident of Pinellas County, Florida.

8. FERMAN BMW is a domestic corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

## GENERAL ALLEGATIONS

9. At all times material, FERMAN BMW acted with malice and with reckless disregard for PENNINGTON's Federal protected rights.

10. At all times material, PENNINGTON was qualified to perform her job duties within the legitimate expectations of her employer.

11. PENNINGTON has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12. PENNINGTON requests a jury trial for all issues so triable.

## FACTS

13. PENNINGTON began her employment with FERMAN BMW in August 2006 as a Service Advisor.

14. As a Service Advisor, PENNINGTON received a salary and bonuses.

15. In March 2007, PENNINGTON learned she was pregnant and advised her supervisor

16. In approximately April 2007, PENNINGTON was advised she was being transferred to the Warranty/Payroll department but was promised that her compensation would not change.

17. Approximately one month later, PENNINGTON was advised that her pay would be changed from a salary to an hourly rate and she would no longer receive bonuses, resulting in a reduction in wages.

18. Although PENNINGTON's pay was changed, another co-worker performing the same essential job duties continued to receive a salary and bonuses.

19. In February 2008, PENNINGTON returned to work from maternity leave and was told that her position in the Warranty/Payroll Department had been eliminated.

20. Based on personal observations, PENNINGTON's position was not eliminated; instead, PENNINGTON was replaced by another employee.

21. Thereafter, PENNINGTON was not given a position nor title and was not given any job duties to perform; instead she was put in a room to sit idly all day.

22. A few weeks after her return to work, PENNINGTON was approached by her supervisor and asked if she wanted her old position back. When she said yes, her supervisor advised her she could not have it and laughed and walked away.

23. PENNINGTON was constructively discharged on or about March 3, 2008.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION

24. PENNINGTON realleges and adopts the allegations stated in Paragraphs 1 – 23.

25. PENNINGTON is a member of a protected class under Title VII.

26. By the conduct described above, FERMAN BMW engaged in unlawful employment practices and discriminated against PENNINGTON on account of her pregnancy in violation of Title VII of the Civil Rights Act.

27. FERMAN BMW knew, or should have known of the discrimination.

28. As a result of FERMAN BMW's unlawful discrimination, PENNINGTON has suffered and continues to suffer damages.

WHEREFORE, PENNINGTON prays for the following damages against FERMAN BMW:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - DISCRIMINATION

29. PENNINGTON realleges and adopts the allegations stated in Paragraphs 1 - 23.

30. By the conduct described above, FERMAN BMW discriminated against PENNINGOTN in whole or in part for asserting her FMLA rights.

31. FERMAN BMW's actions constitute violations of the FMLA.

32. As a result of FERMAN BMW's unlawful actions, PENNINGTON has suffered and continues to suffer damages.

WHEREFORE, PENNINGTON prays for the following damages against FERMAN BMW:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Injunctive and/or equitable relief;

    f.    Costs and attorney's fees;

    g.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

33. Plaintiff demands a trial by jury on all issues so triable,

DATED: 10/17/08

**FLORIN ROEBIG, P.A.**

**WIL H. FLORIN, ESQUIRE**
Florida Bar No.: 0337234
WHF@FlorinRoebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
WMF@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff